[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is alleged in the Second Amended Complaint (Complaint) dated September 10, 2001 seeking damages under Connecticut General Statutes § 52-560; judgment pursuant to General Statutes § 47-31 quieting title; punitive damages including counsel fees as to Count Two and court costs.
The Second Count of the complaint asserts intentional trespass in that Howard Raccio (Raccio) and Howard Paving acted maliciously, retaliatory and reckless, disregarding the plaintiffs (Posack) rights.
Posack withdrew the Fourth Count of the complaint.
The Third Count asserts Posack's claim under General Statutes §52-560.[1]
Shepard Group LLC (Shepard) is the owner of 11.5 acres which lie to the rear of the Posack property consisting of 1.34 acres along 420 Denslow Road, Hamden, Connecticut. The only access to the Shepard property was by a 50 foot strip of land immediately adjacent to the Posack property. Raccio is a member of the LLC Shepard and owner of Howard Paving Company.
In 1999 Shepard entered in a contract to sell its land to Housewright Development (Housewright). Raccio, as seller, joined with Housewright to obtain permits to build on the Shepard property which the Town of Hamden CT Page 8274 rejected terminating the sales agreement between Shepard and Housewright. Posack appeared at hearings opposing the development.
The Town of Hamden rezoned the property which Raccio opposed but supported by Posack.
Raccio never met or spoke to Posack during hearings on the zoning.
On or about April 1, 2000 Raccio gave permission to cut a path within the access road to the property in the rear by the use of an 8-foot wide bulldozer so that some of his employees could use the land to ride around on their (ATVs). An ATV is an all terrain small vehicle that the rider can ride in woods without paved roads. In all, three times, ATVs rode over the path to access the Shepard property before Raccio learned he had allowed the path to be built over some of the Posack property. The path passed over 200 feet over the rear portion of the Posack property. There is no prohibition for riding ATVs on one's property.
During the course of the trial the court was provided with a demonstrative aid (see Demonstration Aid #2 attached to Raccio Post Trial Memorandum of Law).
From the evidence adduced at trial the court concludes that the path cut to gain access for the use of the ATVs was not done maliciously, wanton or reckless. Raccio testified that he had marked the sapling trees for the location of the path which he believed was within his 50 foot access to the rear property. This court cannot conclude that Raccio committed an intentional trespass as alleged in the Second Count of the Second Amended Complaint.
Raccio was present when they cleared the path. He instructed the ATVs to be quiet when riding on the land. Raccio had complained to the police department someone had put signs along his property of "No Trespassing." The court cannot infer that allowing the ATVs to use his property was an act of revenge against Posack for her position at the Zoning Board of Hamden.
Accordingly, judgment may enter for the defendant as to the Second Count.
Posack withdrew her Fourth Count of the Second Amended Complaint to Quiet Title under General Statutes § 47-31.
The Third Count alleges a violation of General Statutes § 52-560
claiming treble damages. A reading under § 52-560 states that if a defendant by mistake cuts trees, timber or shrubbery believing it was on his land judgment may enter for no more than the reasonable value CT Page 8275 (emphasis added). The court finds in favor of the defendants as to the Third Count. The plaintiff failed to produce sufficient evidence as to the reasonable value of the timber, shrubs or trees.
The only remaining count for discussion in this case is as to the First Count. The plaintiff testified to restore the property would cost $7,300. Most of the shrubs and sapling trees have regrown to their past appearance. The plaintiff failed to produce any evidence that grown trees had been cut down. Most of the brush and saplings had no particular value other than the exaggerated value placed upon it by the plaintiff of $7,300. The defendant argues that Posack had no experience in the landscaping business or nursery business and that on cross examination she gave her estimate for not only replacing trees or shrubs but included planting or other ground cover.
Accordingly, the court finds in favor of the plaintiff and awards nominal damages in the amount of $100 on the First Count of the Second Amended Complaint plus court costs.
 ___________________ Frank S. Meadow, J.T.R.